# 2004 DTA 104

## TRIBUNAL DE CIRCUITO DE APELACIONES
### REGIÓN JUDICIAL DE PONCE

COOPERATIVA DE SEGUROS MÚLTIPLES
Demandante-Recurrida

v.

ONIX M. VELÁZQUEZ IRIZARRY, JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; HÉCTOR M. VELÁZQUEZ GONZÁLEZ, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES ENTRE AMBOS; RICHARD DOE; XYZ INSURANCE COMPANY
Demandados-Peticionarios

Núms. Cons. KLCE-04-00195 / KLCE-04-00196

San Juan, Puerto Rico, a 11 de mayo de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Jueza Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos Héctor M. Velázquez González y Onix M. Velázquez Irrizarry, y solicitan la revisión de una orden emitida por el Tribunal de Primera Instancia, Sala de Distrito de Guayanilla (Hon. Zahira Torres Moró, Juez) el 20 de enero de 2004, la cual fue notificada y archivada en autos el 23 de enero de 2004. Mediante dicha orden, el Tribunal de Primera Instancia declaró no ha lugar unas mociones de desestimación presentadas por los codemandados-peticionarios, Héctor M. Velázquez González y Onix M. Velázquez Irrizarry.

Luego de estudiados los hechos y el derecho aplicable, se expiden los autos de *certiorari*, y se revoca la resolución recurrida.

### I

El 23 de mayo de 2003, la parte demandante-recurrida, Cooperativa de Seguros Múltiples de Puerto Rico, radicó una acción civil de subrogación a raíz de un accidente de tránsito ocurrido el 20 de mayo de 2002. Dicha demanda fue presentada en el Tribunal de Primera Instancia, Sala de Peñuelas, el cual no tenía competencia para entender en la controversia planteada. Por tal razón, la acción fue transferida al Tribunal de Primera Instancia, Sala de Guayanilla. La reclamación en cuanto al codemandado-peticionario, Héctor M. Velázquez, surge por ser éste dueño registral del vehículo de motor involucrado en el accidente de tránsito. Mientras que la reclamación respecto al codemandado-peticionario, Onix M. Velázquez Irrizarry, surge por ser éste el conductor del vehículo de motor involucrado en el accidente. Las partes codemandadas-peticionarias fueron debidamente emplazadas.

La parte codemandada-peticionaria, Onix M. Velázquez Irrizarry, presentó una moción de desestimación al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 10.2, bajo el

fundamento jurídico de que la causa de acción estaba prescrita.

Así las cosas, el 10 de diciembre de 2003, el codemandado-peticionario, Héctor M. Velázquez González, presentó también una moción de desestimación bajo el mismo fundamento, prescripción.

El Tribunal de Primera Instancia, el 16 de diciembre de 2003, expide una resolución en la que concedió veinte (20) días a la parte demandante-recurrida para que expresara su posición.

El 7 de enero de 2004, la parte demandante-recurrida, Cooperativa de Seguros Múltiples de Puerto Rico, radicó una moción en oposición a la moción de desestimación. En su moción la parte demandante-recurrida, expone que envió dos cartas; una con fecha de 10 de abril de 2003 y otra el 23 de abril de 2003, dirigida a la parte codemandada-peticionaria, Héctor M. Velázquez González a la dirección PO Box 2174, Peñuelas, P.R. 00624. Alegó la parte demandante-recurrida en su moción, que mediante el envío de dichas cartas se interrumpió el término prescriptivo para ejercer la acción, ya que estas cartas constituyeron una reclamación extrajudicial.

El 20 de enero de 2004, el Foro de Instancia emitió una resolución declarando no ha lugar las mociones de desestimación presentadas, notificada y archivada en autos el 23 de enero de 2004.

Luego el 22 de enero de 2004, la parte codemandada-peticionaria, Héctor M. Velázquez González, presentó una réplica a moción en oposición a la desestimación. Con dicha moción, la parte codemandada-peticionaria, Héctor M. Velázquez González, acompañó evidencia expedida por el Postmaster del Correo de Peñuelas, donde se reconoció la inexistencia de la dirección a la que la parte demandante-recurrida alegó que había enviado las cartas.

Ambos codemandados-peticionarios, Héctor M. Velázquez González y Onix M. Velázquez Irizarry, presentaron sus correspondientes mociones de reconsideración.

Inconforme con la determinación del foro de instancia, el 23 de febrero de 2004, Héctor M. Velázquez González, parte codemandada-peticionaria, presentó ante el Tribunal de Apelaciones el recurso de *certiorari* KLCE-04-00195. Dicha parte alegó que erró el Tribunal de Primera Instancia al declarar no ha lugar a la moción de desestimación por el fundamento de prescripción. Ese mismo día Onix M. Velázquez Irizarry, parte codemandada-peticionaria, presentó el recurso de *certiorari* KLCE-04-00196. Mediante dicho recurso, Onix M. Velázquez Irizarry, parte codemandada-peticionaria, planteó que erró el Tribunal de Primera Instancia, al declarar no ha lugar la moción de desestimación por haber expirado el término prescriptivo dispuesto por el Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A., sec. 5298.

El 15 de marzo de 2004, este Tribunal de Apelaciones, una vez atiende los recursos de *certiorari* KLCE-04-00195 y KLCE-04-00196, emitió una Resolución consolidando los recursos por tratarse de las mismas partes y tener cuestiones comunes de hecho y derecho. Además, le concedió a la parte demandante-recurrida, Cooperativa de Seguros Múltiples de Puerto Rico, un término de treinta (30) días contados a partir de la notificación de dicha Resolución, para que mostrara causa por la cual no debían expedirse los autos de *certiorari* y revocarse la resolución recurrida. El 20 de abril de 2004, la parte demandante-recurrida presentó su alegato en oposición. Por ello que, con la comparecencia de ambas partes, nos encontramos en posición de resolver.

## II

### A. Las acciones en daños y perjuicios

Las obligaciones que se deriven de actos u omisiones culposos o negligentes no penados por ley, se

reglamentarán por la disposición del Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Este artículo establece que "*el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.*" *Id.*; *Valle Izquierdo v. E.L.A.*, Opinión de 14 de mayo de 2002, **2002 J.T.S. 70**, a la pág. 1139.

Daño es todo aquel menoscabo material o moral que sufre una persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otras. *García Pagán v. Shiley Caribbean*, 122 D.P.R. 193, 205-206 (1988). El Artículo 1802 de nuestro Código Civil, *supra*, enuncia la norma genérica que prohíbe causar daño a otro mediante conducta activa o pasiva. *Soc. Gananciales v. González Padín Co., Inc.*, 117 D.P.R. 94, 105 (1986).

El Código Civil dispone en su Artículo 1802, *supra*, que se puede imponer responsabilidad por daños y perjuicios si se demuestra la concurrencia de los tres elementos que definen esta causa de acción: 1) que ha habido una acción u omisión de una parte; 2) que ha mediado negligencia; y 3) que existe un nexo causal entre la acción u omisión de la parte y el daño sufrido. Véase además: *Vélez Rodríguez v. Amaro Cora*, 138 D.P.R. 182, 189 (1995); *Miranda v. E.L.A.*, 137 D.P.R. 700, 707 (1994); *J.A.D.M. v. Centro Comercial*, 132 D.P.R. 785, 794 (1993); *Arroyo López v. E.L.A.*, 126 D.P.R. 682, 687 (1990); *Soc. de Gananciales v. G. Padín Co., Inc.*, 117 D.P.R. 94, 106 (1986); *Jiménez v. Pelegrina Espinet*, 112 D.P.R. 700, 704-706 (1982).

La culpa o negligencia es la falta del debido cuidado, que consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias. *Toro Aponte v. E.L.A.*, 142 D.P.R. 464, 473 (1997).

## B. La figura de la prescripción en los casos de daños y perjuicios

El Tribunal Supremo de Puerto Rico ha establecido que bajo nuestro sistema de derecho, la figura de la prescripción es materia de derecho sustantivo, regida por las disposiciones del Código Civil. *Maldonado Vega v. Russe Santiago*, **2001 J.T.S. 17**, Opinión de 8 de febrero de 2001, a la pág. 834; *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746, 753 (1994); *García Aponte et. al. v. E.L.A. et. al.*, 135 D.P.R. 137, 142 (1994). La prescripción constituye una forma de extinción de un derecho, debido a la inercia en ejercerlo durante un tiempo determinado. *Santiago Rivera v. Ríos Alonso*, Opinión de 7 de febrero de 2002, **2002 J.T.S.** 21, a la pág. 714; *Galib Frangie v. El Vocero*, 138 D.P.R. 560, 566 (1995).

El propósito de la institución de la prescripción es castigar la inercia en el ejercicio de los derechos y asegurar así el tráfico jurídico, al evitar litigios difíciles de adjudicar por la antigüedad de sus reclamaciones. *Vera Morales v. Dr. Bravo Colón*, Opinión de 27 de febrero de 2004, **2004 J.T.S. 40**, a la pág. 740; *Padín Espinosa v. Compañía de Fomento Industrial de P.R.*, Opinión de 25 de febrero de 2000, **2000 J.T.S. 44**, a la pág. 759; *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 751 (1992); *De Jesús v. Chardón*, 116 D.P.R. 238, 243 (1985). En *Santiago Rivera v. Ríos Alonso*, *supra*, citando a *Colón Prieto v. Géigel*, 115 D.P.R. 232, 243 (1984). El Tribunal Supremo expresó respecto a la prescripción extintiva que:

"*La institución de la prescripción extintiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. Su innegable necesidad y valor corresponden a 'una presunción legal de abandono, derivado del hecho del transcurso de un tiempo determinado sin reclamar un derecho'. Sin embargo, ninguno de los intereses a los cuales que responde es absoluto –de un lado, salvaguardar un derecho, y del otro, darle carácter definido a la incertidumbre de una posible reclamación–, sino que deben ser aquilatados en su justa proyección.*" (Citas Omitidas)

El Artículo 1861 del Código Civil, 31 L.P.R.A. sec. 5291, establece que las acciones prescriben por el mero lapso del tiempo fijado por la ley. Una vez transcurre el período de tiempo establecido por ley, sin que el titular

del derecho lo reclame, surge una presunción legal de abandono. *Galib Frangie v. El Vocero de P.R., supra; Zambrana Maldonado v. E.L.A., supra*, a la pág. 752.

En reiteradas ocasiones se ha señalado que el acto interruptivo representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada ésta con anterioridad a que el plazo de deliberación se agote. *Sánchez Montalvo v. Autoridad de Puertos y American Airlines*, **2001 J.T.S. 34**, Opinión de 7 de marzo de 2001, a la pág. 966; *García Aponte et. al. v. E.L.A. et. al., supra*, a la pág. 143; *Zambrana v. E.L.A., supra*, a la pág. 751.

El Artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303, establece tres formas en las cuales se puede interrumpir la prescripción de las acciones: (1) el ejercicio de la acción ante el tribunal, (2) la reclamación extrajudicial por el acreedor, y (3) cualquier acto de reconocimiento de deuda por el deudor.

El efecto que tienen los mecanismos de interrupción es que el plazo de prescripción debe volver a computarse por entero desde el momento que se produce el acto que interrumpe. *Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra; Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471, 474-475 (1980).

En cuanto a la interrupción de la prescripción mediante reclamación extrajudicial, ésta se refiere a la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. *Cintrón v. E.L.A.*, 127 D.P.R. 582, 590 (1990); *De Jesús v. Chardón*, 116 D.P.R. 238, 246-247 (1985); *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660 (1966). La reclamación extrajudicial sirve varios propósitos fundamentales, siendo los principales: interrumpir el transcurso del término prescriptivo de las acciones; fomentar las transacciones extrajudiciales; y notificar, a grandes rasgos, la naturaleza de la reclamación. *Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra.*

Son varios los requisitos con los cuales debe cumplir una reclamación extrajudicial para que la misma constituya una interrupción de la prescripción. Estos son: a) la *oportunidad o tempestividad*, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo; b) la *legitimación*, según la cual el ejercicio corresponde al titular del derecho o de la acción; c) la *identidad*, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción, y d) la *idoneidad* del medio utilizado. *Galib Frangie v. El Vocero de P.R., supra*, a la pág. 567.

En cuanto al requisito de la legitimación del reclamante, el mismo se extiende no sólo a que sea el mismo reclamante, titular del derecho el que ejercite personalmente la reclamación, sino que la misma se extiende al representante voluntario o legal del titular quien también puede formular la reclamación a nombre de éste e interrumpir así la prescripción. Véase: *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823, 827 (1986). Respecto al elemento de identidad, el mismo ha sido definido como una "*auténtica exigencia de la efectividad de la deuda.*" *Galib Frangie v. El Vocero de P.R., supra*, a la pág. 568.

Se ha señalado que si en la notificación que el demandante cursó al demandado, aquél se limitó meramente a ofrecer información, entonces el término prescriptivo no quedó interrumpido, ya que la mera información no tiene el efecto de ser una manifestación inequívoca de perder su derecho. *Zambrana Maldonado, supra*, a la pág. 751; *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660 (1966).

También se ha establecido que: "*no hay relación limitativa hecha por la ley sobre qué actos son los que se incluyen en esta causa interruptiva, admitiendo como tales todos aquéllos en que la voluntad del acreedor quede patente*". *Galib Frangie v. El Vocero de P.R., supra*, a la pág. 568; *Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra.* Por lo tanto, la reclamación extrajudicial puede plasmarse a través de distintos actos, pero todos ellos han de cumplir con los requisitos genéricos de oportunidad, identidad,

legitimación e idoneidad. *Galib Frangie v. El Vocero de P.R., supra.*

Respecto a la forma en que se tiene que hacer la reclamación, la ley no exige ninguna forma especial. *Galib Frangie v. El Vocero de P.R., supra,* a la pág. 568; *Zambrana Maldonado v. E.L.A., supra,* a la pág. 752. Al respecto, se ha señalado en el caso de *Zambrana Maldonado v. E.L.A., supra,* citando a Díez-Picazo que:

*"La ley no exige, en este punto, ninguna forma especial y donde la ley no distingue, tampoco debemos nosotros distinguir. En cualquier forma que sea hecha la reclamación, posee valor interruptivo. ... En todo caso, se podrá plantear un problema de prueba –de la existencia de la reclamación y de su fecha–, pero no un problema de forma."*

También se ha establecido que no se puede aceptar que memorandos o correspondencia interna entre un ajustador de seguros y la compañía aseguradora a la que representa, o entre éstos y el asegurado, con respecto a un determinado accidente y su evaluación, constituya reconocimiento de deuda a los fines del Artículo 1873 del Código Civil, *supra. Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 481-482 (19980).

El Artículo 1868 del Código Civil de Puerto Rico, *supra,* dispone que las acciones para reclamar responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o negligencia prescriben por el transcurso de un (1) año. Este término comenzará a decursar desde el momento que lo supo el agraviado. Esto implica saber que se ha sufrido un daño y quién lo causó. *Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra; Riley v. Rodríguez Pacheco,* 119 D.P.R. 762, 775-776 (1987); *Rivera Encarnación v. E.L.A.,* 113 D.P.R. 383, 385 (1982).

### III

Héctor M. Velázquez González y Onix M. Velázquez Irizarry, partes codemandadas-peticionarias, alegan que erró el Tribunal de Primera Instancia al declarar No Ha Lugar las mociones de desestimación que habían presentado. Le asiste la razón. Veamos.

Los hechos que dieron base a la radicación de la demanda de subrogación por el accidente de tránsito, ocurrieron el 20 de mayo de 2002. La parte demandante-recurrida presentó su acción el 23 de mayo de 2003.

Los codemandados-peticionarios, Héctor M. Velázquez González y Onix M. Velázquez Irizarry, plantean que la causa de acción presentada por la Cooperativa de Seguros Múltiples de Puerto Rico, parte demandante-recurrida, está prescrita debido a que ha transcurrido más de un año, para ser más exactos un año y tres días desde la ocurrencia del accidente, de que advino en conocimiento del daño y quién era responsable del mismo. En el caso de autos, no hay duda de que el término prescriptivo de un año dispuesto por ley para las acciones en daños y perjuicios, había transcurrido al momento de entablarse la acción de subrogación. La subrogación es una figura que opera de forma similar a la cesión o transmisión de derechos. Cuando una parte se subroga en los derechos de otra, el cedente otorga al cesionario todas las acciones y derechos que tenía contra el tercero, por lo cual no puede el cesionario, en una acción de subrogación, adquirir más o menos derechos de los que tenía el cedente. La causa de acción civil de subrogación en este caso surge a raíz de una acción de daños extracontractuales por el accidente de tránsito. Es por esto, que el término prescriptivo para ejercer cualquier acción basada en dicho acto culposo, incluso la acción de subrogación, comienza a decursar desde que la parte perjudicada advino en conocimiento del daño y quién fue el responsable del mismo. Por tal razón, la Cooperativa de Seguros Múltiples (cesionario) adquiere los mismos derechos y acciones que José A. Rodríguez Ramírez (asegurado-cedente) tenía para reclamar desde el momento en que este último conocía del daño y quién era el responsable del mismo. Por lo cual, le es perfectamente imputable a la Cooperativa de Seguros Múltiples, demandante-recurrida, el conocimiento del daño y el término para ejercer su acción de subrogación desde el momento del accidente, o sea, 20 de mayo de 2002, y no desde que efectivamente emitió el cheque a su asegurado, el señor José A. Rodríguez Ramírez. Contrario a lo que argumenta la parte demandante-recurrida,

Cooperativa de Seguros Múltiples de Puerto Rico, esa transacción del 6 de junio de 2002, es un hecho aislado, que ocurre dentro de la relación asegurado-aseguradora lo cual no tiene ninguna correlación con el ejercicio oportuno de las acciones a las cuales tenga derecho el asegurado. Dicha transacción no tiene ningún efecto sobre la interrupción o paralización del término prescriptivo de un año que exige la ley, para entablar cualquier acción que surja al amparo del Artículo 1802 del Código Civil, *supra*, sobre responsabilidad civil extracontractual.

Las cartas alegadamente enviadas por la parte demandante-recurrida al codemandado-peticionario, Héctor M. Velázquez González, nunca fueron recibidas por éste, ya que, según comunicación del Postmaster del Correo de Peñuelas, la dirección a la cual alegadamente fue enviada no existe en dicho correo. El hecho de la inexistencia de la dirección en Peñuelas es óbice para sostener el argumento de que las cartas presuntamente enviadas a la parte codemandada-peticionaria, Héctor M. Velázquez González, nunca fueron recibidas, por lo cual dicha parte nunca advino en conocimiento de una reclamación extrajudicial hasta tanto no le fue notificada la demanda en su contra, ya pasado el término para ejercer la acción. Por ello, es forzoso concluir que dichas cartas no constituyeron una reclamación extrajudicial válida que tuviera el efecto de interrumpir el término prescriptivo para ejercer la acción de subrogación.

En el caso del codemandado-peticionario, Onix M. Velázquez Irizarry, dichas comunicaciones escritas nunca le fueron decursadas a él, por lo cual nunca existió respecto a él una válida reclamación extrajudicial que interrumpiera el término prescriptivo para ejercer la acción de subrogación.

Cónsono con lo anteriormente expuesto, es forzoso concluir que erró el Tribunal de Primera Instancia al declarar no ha lugar las mociones de desestimación presentadas por Héctor M. Velázquez González y Onix M. Velázquez Irizarry, ya que de la prueba que obra en autos se hace irrazonable llegar a concluir que la causa de acción no está prescrita.

**IV**

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari* solicitado y se revoca la determinación del Tribunal de Primera Instancia; se resuelve que la causa de acción contra Héctor M. Velázquez González y Onix M. Velázquez Irizarry está prescrita y se desestima la demanda.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General