Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
A base de la doctrina de causalidad adecuada, confirmamos la sentencia apelada que correctamente declaró que los dueños de un hospedaje no responden por la muerte de uno de sus inquilinos en la calle, fuera de su propiedad, por unos terceros que nada tienen que ver con los dueños demandados.
El 10 de octubre de 1990, un joven de 16 años acompañado por otro de 15 años, dio muerte a Andrés Natal. El incidente ocurrió en un hospedaje en Mayaguez, ubicado en la calle Bosque, Núm. 15. Esta residencia es propiedad de los demandados Carlos Justiniano y su esposa. En esta propiedad se hospedaban un grupo de jóvenes que estudiaban en la Universidad de Puerto Rico, Recinto de Mayaguez.
Entre estos jóvenes se encontraban el occiso, Andrés Natal, y su hermano Abel.
Aproximadamente a las once de la noche del 10 de octubre de 1990, el joven Andrés Natal observó en la parte trasera de la residencia a unos individuos fumando. Estos individuos entraron por la parte de atrás del hospedaje ya que en esa área no había alumbrado y la verja estaba rota. De inmediato el joven Natal les reclamó por su presencia en el lugar y les requirió que salieran de allí. Los individuos se alteraron y amenazaron a Andrés Natal con "pegarle un tiro". Acto seguido se retiraron del lugar. Sin embargo, le advirtieron que volverían. Dentro del hospedaje se percataron de la discusión que se había suscitado. Entre los que la escucharon se encontraba Abel Natal, el hermano del occiso.
Pasada alrededor de medio hora los individuos regresaron, esta vez por el frente de la residencia. Se colocaron frente a frente a la casa, en la calle, y comenzaron a llamar a Andrés Natal. Este, en contra de los consejos de su hermano y de los demás compañeros que le advirtieron que no saliera, decidió enfrentar nuevamente a los individuos. Cuando Natal se encontraba ya fuera de la casa, el joven Rolando Acosta Bonilla le disparó hiriéndolo de muerte.
*732 A raíz de estos hechos los padres del occiso, el Sr. Andrés Natal Adorno, su esposa e hijos demandaron al Dr. Carlos Justiniano, el dueño del hospedaje, y a su esposa por los daños sufridos a causa de la muerte de Andrés Natal. En dicha demanda alegaron que las condiciones de deterioro y abandono en que se encontraba la parte trasera de la residencia fueron las que ocasionaron el incidente en el que murió su hijo. Según los demandantes, la negligencia de parte de los demandados en no reparar el área ni proveerle alumbrado así como su poca previsibilidad en cuanto a lo que dicha condición podía ocasionar, da motivo para su causa de acción.
Los demandados-apelados, Sr. Justiniano y su esposa, presentaron una moción de sentencia sumaria en la que alegaron que no existía nexo causal entre la condición en la que se encontraba el inmueble y las actuaciones perpetradas por los jóvenes que dieron muerte a Andrés Natal. Los demandantes se opusieron a la moción. Finalmente el Tribunal de Primera Instancia, Sala Superior de Mayaquez (Hon. Juan Camacho Fabre, Juez) declaró con lugar la moción de sentencia sumaria de la parte demandada, desestimando la demanda. De esta sentencia apela la parte demandante alegando que el tribunal de instancia incidió al desestimar la demanda por falta de nexo causal entre la falta de seguridad y de iluminación en la propiedad de los demandados-apelados y el asesinato del fenecido Andrés Natal. Entendemos que los errores señalados no se cometieron.
n
Los daños y perjuicios extracontractuales en Puerto Rico tienen su génesis en el Artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141 ("El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización"). Para que una acción bajo este artículo prospere es necesario que se demuestre lo siguiente:

"a) Que se ha sufrido un daño real.

b) Que medió culpa o negligencia.

c) Que existe una relación causal entre el daño y la culpa o negligencia."

La muerte del joven Andrés Natal indudablemente constituyó un daño real y trágico para sus padres y hermanos. Aun cuando estemos de acuerdo con que los dueños del hospedaje fueron negligentes al no reparar la propiedad según se les había requerido en varias ocasiones, esta omisión no puede catalogarse como la causa próxima del daño sufrido. No existe nexo causal entre la falta de reparación a la propiedad de los esposos Justiniano y el asesinato del joven Natal, más aun cuando el propio joven tomó la decisión de salir de la propiedad a enfrentar a los asesinos y encontró la muerte en la calle frente al hospedaje, no en la parte de atrás de la casa. Cuando los individuos regresaron a dar muerte a Andrés Natal, no entraron a la propiedad, mucho menos por la parte de atrás de la casa. Por el contrario, lo llamaron desde el frente y lo invitaron a salir a la calle. Fue el propio occiso quien en contra de las recomendaciones de los que se encontraban presentes, hizo caso omiso de las advertencias y salió de la casa. Decidió enfrentar a los sujetos en lugar de dar aviso a las autoridades. Esta solución tal vez le hubiese ayudado a conservar su vida.
El deber de indemnizar presupone nexo causal entre el daño y el hecho que lo origina, pues sólo se han de indemnizar los daños que constituyen una consecuencia del hecho que obliga a la indemnización. Por eso se ha resuelto que un arrendador no responde del asesinato de un inquilino en un lugar de la propiedad que estaba a oscuras por negligencia del arrendador. Estremera v. Inmobiliaria Rac., Inc., 109 D.P.R. 853, 856 (1980). En el caso de autos falta ese nexo causal por lo que la indemnización no procede.
El caso en el cual los demandantes-apelantes apoyan su argumentación es Elba A.B. v. U.P.R., 125 D.P.R. 294 (1990). Sin embargo, el propio caso señala que la difícil determinación de cuándo existe un nexo causal entre el daño producido por un acto delictivo de un tercero y la omisión de cumplir con la obligación de tomar precauciones, medidas de seguridad y protección, no puede "resolverse nunca de una manera plenamente satisfactoria mediante reglas abstractas, sino que en los casos de duda ha de resolverse por el juez según su libre convicción, ponderando todas las circunstancias". Id., págs. 310-311. Allí se determinó que la Universidad de Puerto Rico respondía por la violación de una estudiante, propiciada por la negligencia de la Universidad al *733 mantener a oscuras los parajes que los estudiantes venían obligados a recorrer de noche, al no proveer vigilancia adecuada y al tardarse en socorrer a la víctima de violación.
El caso de autos es diferente. Entendemos que no existe nexo causal entre las condiciones de la propiedad y la muerte del joven. La causa próxima de su muerte fue la herida de bala que recibió en la calle, por unos individuos que nada tienen que ver con los aquí demandados-apelados ni con su propiedad. Más aún este hecho no ocurrió en el lugar que se alegó estaba en males condiciones; por el contrario surgió en la calle y en un lugar que contaba con la iluminación adecuada para esa hora de la noche. Ese es un acto interviniente que rompe la cadena causal. Si bien es cierto que el primer encontronazo entre el occiso y sus asesinos ocurrió en la parte de atrás del hospedaje, esa no fue la causa próxima de la muerte. La causa próxima fue la discusión en la calle, frente al hospedaje. La teoría de causalidad de los demandantes-apelantes —que nada de eso habría ocurrido si los matadores no hubieran podido entrar antes por la parte de atrás del hospedaje, lo que hubiera impedido que Andrés Natal les llamara la atención, que a su vez causó que ellos se molestaran, y a su vez los hizo regresar armados a provocar a Natal— constituye una teoría de causalidad sine qua non que ha sido rechazada consistentemente en esta jurisdicción. Jiménez v. Pelegrina Espinet, 112 D.P.R. 700, 704-06 (1982).
III
De conformidad con el Artículo 4.002 de la Ley de la Judicatura de Puerto Rico, Plan de Reorganización Núm. 1 de la Rama Judicial, de 28 de julio de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995,4 L.P.R.A. sec. 22.1;

"[s]i el Tribunal de Circuito de Apelaciones determinare que el recurso ante su consideración es uno frívolo o que fue presentado para dilatar los procedimientos, al denegar su expedición impondrá a la parte promovente, además de las costas, gastos y honorarios de abogado, la sanción económica que estime apropiada. Los dineros procedentes de la imposición de sanciones podrán ingresar al Fondo General del Estado Libre Asociado de Puerto Rico o, a discreción del Tribunal, podrán ser asignados a la parte, a la representación legal de la parte recurrida, o a ambas".

Este Tribunal entiende que el resurso planteado ante nos es frívolo. Un examen de la sentencia apelada y de la jurisprudencia debió haber convencido a los apelantes de la futilidad de su recurso.
Por todo lo cual se confirma la sentencia sumaria dictada a favor de la parte demandada-apelada. Se impone a la parte demandante-apelante la sanción de $500.00 a favor de la parte apelada por la radicación ante este foro de un recurso frívolo. Dicha sanción deberá ser depositada en el foro de instancia dentro de los treinta (30) días siguientes a la notificación de esta Sentencia. Simultáneamente la parte demandante-apelante nos notificará ese hecho.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General