Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ M. MARXUACH FAGOT, Y OTROS<br><br>Apelados<br><br>V.<br><br>SUCESIÓN DE PEDRO REMBERTO FAGOT BIGAS,<br><br>Apelantes | KLAN202500247 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV00586<br><br>Sobre: Nulidad Parcial de Testamento |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2025.

El 24 de marzo de 2025, compareció ante este foro revisor, la Sucesión de Remberto Fagot Bigas compuesta por Emilio Fagot Rodríguez, Schira Fagot Maldonado y María Celeste Bigas Kennerley (en adelante, parte apelante) mediante recurso de *Apelación.* Por medio de este, nos solicita la revisión de la *Sentencia Parcial* emitida y notificada el 3 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Solicitud de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil* presentada por José M. y María Elena, ambos de apellido Marxuach Fagot, la Sucesión de Acisclo M. Marxuach de la Cuétara y Carmen Margarita Fagot Bigas, como miembros de la Sucesión de Margarita Bigas Ojeda y de la Sucesión de Pedro Remberto Fagot Rodríguez (en adelante, parte apelada), en atención a la *Reconvención Preliminar* presentada por la parte apelante. Consecuentemente, el

foro primario ordenó la desestimación con perjuicio de la referida reconvención.

Por los fundamentos que se exponen a continuación, se confirma el dictamen apelado.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* instada por la parte apelada el 23 de enero de 2024, sobre nulidad parcial de testamento, liquidación y partición de herencia, nombramiento de administrador y daños y perjuicios, contra la parte apelante.[1] Conforme se desprende de las alegaciones de la demanda, la parte apelada sostuvo que, el señor Pedro Remberto Fagot Rodriguez (en adelante, señor Fagot Rodríguez) y la señora Lydia Margarita Bigas Ojeda (en adelante, señora Bigas Ojeda) contrajeron nupcias en el año 1937. Durante su matrimonio, procrearon tres hijos, a saber: Isabel Margarita (fallecida), Pedro Remberto (fallecido) y Carmen Margarita, todos de apellido Fagot Bigas. La señora Bigas Ojeda falleció intestada el 6 de febrero de 1996. Posteriormente, el 30 de diciembre de 2000, falleció el señor Fagot Rodríguez.

Tras el fallecimiento de ambos, el 28 de agosto de 2001, el Tribunal de Primera Instancia, Sala Superior de Ponce, declaró como únicos y universales herederos de ambos causantes a sus tres (3) hijos antes mencionados.[2] Poco más de cuatro años luego, el señor Fagot Bigas presentó ante el foro primario, un testamento ológrafo firmado por señor Fagot Rodríguez, para la correspondiente adveración y protocolización. Según surge del expediente, el testamento fue adverado por el tribunal *a quo* el 27 de febrero de 2007[3], para su protocolización.

---

[1] Apéndice del recurso de apelación, págs. 38-67.
[2] *Íd.*, pág. 57.
[3] *Íd.*, págs. 58-65.

Así las cosas, la parte apelada adujo que, luego del fallecimiento del señor Fagot Rodríguez, y por un periodo de veintidós (22) años, el señor Fagot Bigas había mantenido el control exclusivo y absoluto de todos los bienes, frutos y rentas de las sucesiones de la señora Bigas Ojeda y el señor Fagot Rodríguez. Precisó que, a pesar de múltiples requerimientos, este nunca accedió a llevar a cabo la división y la partición de los caudales en cuestión.

Por lo anterior, la parte apelada solicitó, entre otros, (1) la liquidación de la herencia, (2) una suma de $1,500,000 más intereses por concepto de nivelación y enriquecimiento injusto y, (3) una suma de $1,000,000 por daños y perjuicios.

El 25 de septiembre de 2024, la parte apelante instó *Contestación Preliminar a Demanda.*[4] Por medio de esta, aceptó varias de las alegaciones contenidas en la demanda y negó otras. Como parte de ello, alegó afirmativamente que, la parte apelada se había negado a contestar un interrogatorio que le había sido cursado previamente, por lo que no se encontraba en posición de aseverar o negar la mayoría de las alegaciones. De otro lado, como defensas afirmativas incluyó, entre otras, la prescripción, incuria, que la parte apelada no acudía al pleito con las manos limpias, mala fe y que los daños reclamados eran exagerados y excesivos.

Junto a su contestación, la parte apelante incluyó una *Reconvención Preliminar.*[5] De entrada, adoptó e hizo formar parte de la reconvención la contestación a la demanda y las defensas afirmativas incluidas. Por otra parte, sostuvo que, la *Demanda* presentada resultaba frívola y difamatoria. Detalló que, esta constituía un ataque abusivo a la honra y la reputación del señor Fagot Bigas, lo que había causado daños y angustias mentales

---

[4] *Íd.*, págs. 75-227.
[5] *Íd.*, págs. 108-110.

contra la parte apelante. Adicionalmente, sostuvo que, la presentación de la demanda suponía un abuso del derecho, y que la parte apelada no había obrado de buena fe. Asimismo, indicó que, la presentación de la demanda había obligado gastos y honorarios de abogado. Finalmente, adujo que, la parte apelada había actuado con temeridad y no había presentado su reclamación de buena fe.

En vista de lo anterior, la parte apelante solicitó que: (1) se impusiera a la parte apelada una sanción al amparo de la Regla 9.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1; (2) una suma no menor de $300,000.00 por concepto de daños y perjuicios y, (3) un mínimo de $30,000 por costas y honorarios de abogado.

Así las cosas, el 25 de octubre de 2024, la parte apelada presentó una *Solicitud de Desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil.*[6] En primer lugar, esgrimió que, las alegaciones contenidas en la reconvención resultaban especulativas y carecían de fundamentos específicos que vincularan a la parte apelada con el reclamo por difamación, temeridad o mala fe. En segundo lugar, precisó que, para que procediera una causa de acción por difamación instada por familiares de una persona fallecida, al amparo de la Ley de Libelo y Calumnia de 19 de febrero de 1902, 32 LPRA § 3141 *et seq.* (en adelante, Ley de Libelo y Calumnia), debía demostrarse que la parte demandada había actuado con malicia e intención, lo que no ocurría en este caso. Añadió que, de conformidad al ordenamiento jurídico, las expresiones contenidas en la demanda estaban protegidas.

En tercer lugar, señaló que, el ordenamiento jurídico disponía expresamente que, ningún coheredero venía obligado a permanecer en la indivisión de una herencia. De manera que, bajo ningún

---

[6] *Íd.*, págs. 228-241.

supuesto, la presentación de la demanda constituía un abuso del derecho.

En cuarto lugar, y con respecto a los gastos y honorarios de abogado, expuso que, estos podían ser concedidos por el Tribunal, siempre y cuando se estableciera la temeridad de la otra parte. No obstante, aclaró que, no existía una causa de acción separada para solicitar su reembolso, según pretendía la parte apelante.

En quinto lugar, expresó que, para que procediera la sanción al amparo de la Regla 9.1 de Procedimiento Civil, *supra*, no bastaba con realizar alegaciones conclusorias. Precisó que, en la reconvención no se especificaba cuáles eran las expresiones falsas, ni en qué consistía la difamación, así como tampoco se señalaba quien o quienes cometieron dichas alegaciones.

En sexto y séptimo lugar, la parte apelada esgrimió que, las alegaciones generales, superficiales y livianas que contenía la reconvención no eran suficientes para sostener una causa de acción en daños y perjuicios. Asimismo, sostuvo que, estas tampoco sustentaban una determinación de temeridad.

Por último, expuso que, nada en la *Demanda* vulneraba el principio de buena fe que dispone el Código Civil de Puerto Rico.

El 16 de diciembre de 2024, la parte apelante presentó *Breve Réplica a Moción de Desestimación de la Parte Demandante*.[7] En lo pertinente, reiteró que, las aseveraciones y las defensas afirmativas contenidas en la contestación a la *Demanda* formaban parte de la reconvención. Por otro lado, indicó que, la moción había sido presentada prematuramente. Para sostener tal argumento, adujo que, se había reservado el derecho de enmendar la reconvención, a medida que ocurriera el descubrimiento de prueba y el interrogatorio preliminar. Sin embargo, sostuvo que, no había

---

[7] *Íd.*, págs. 242-336.

recibido contestación a este último, por lo que no había tenido la oportunidad enmendar la reconvención.

Adicionalmente, adujo que, la reconvención cumplía con las exigencias del ordenamiento jurídico. Insistió además en que, las alegaciones de la demanda constituían un ataque a la honra y la reputación del señor Fagot Bigas. Por último, sostuvo que, los daños reclamados eran excesivos, exagerados e inexistentes.

Evaluados los escritos de las partes, el 3 de febrero de 2025, el Tribunal de Primera Instancia emitió y notificó la *Sentencia Parcial* apelada.[8] En virtud de esta, el foro *a quo* acogió la moción dispositiva presentada por la parte apelada y ordenó la desestimación con perjuicio de la reconvención.

En desacuerdo, el 18 de febrero de 2025, la parte apelante presentó *Moción al Amparo de las Reglas 42.2 y 47 de Procedimiento Civil*.[9] En esencia, subrayó que, no procedía la desestimación de la reconvención, en tanto era susceptible de ser enmendada. Precisó que, se había visto obligada a presentar la reconvención sin que se hubiese contestado el interrogatorio. Por otra parte, solicitó al foro primario que emitiera determinaciones de hechos.

El 20 de febrero de 2025, la parte apelada incoó *Oposición a la 'Moción al Amparo de las Reglas 42.2 y 46 de Procedimiento Civil' (SUMAC #81)*.[10] A grandes rasgos, sostuvo que, la solicitud de la parte apelante resultaba improcedente como cuestión de derecho. En detalle, adujo que, esta no cumplía con lo dispuesto en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. De otro lado, reiteró que, la reconvención no contenía una causa de acción que justificara la concesión de un remedio a favor de la parte apelante.

---

[8] *Íd.*, págs. 1-4.
[9] *Íd.*, págs. 5-31.
[10] *Íd.*, págs. 32-34.

El 21 de febrero de 2025, notificada ese mismo día, el foro primario emitió *Resolución Interlocutoria* declarando No Ha Lugar la solicitud de reconsideración.[11] A través de su dictamen, el tribunal recurrido dispuso lo siguiente:

> La Sentencia Parcial fue dictada a tenor con lo establecido en la Regla 42.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2(a). Adicionalmente, se expresa que mediante la Sentencia Parcial el Tribunal adopta e incorpora como suyos todos los argumentos presentados por la Parte Demandante en la *Solicitud de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil* [SUMAC Núm. 62]. Específicamente, se hace referencia a que la causa de acción de difamación incluida en la reconvención no procede toda vez que las expresiones hechas en los procedimientos judiciales están protegidas por la Sección 4 de la Ley de Libelo y Calumnia, 32 LPRA Sec. 3144.

Aún inconforme, la parte apelante presentó el recurso de *Apelación* cuya revisión nos ocupa y esgrimió los siguientes señalamientos de error:

> PRIMER ERROR:
>
> COMETIÓ GRAVE ERROR DE DERECHO, POR LO CUAL ABUSÓ DE SU DISCRECIÓN EL TPI AL DESESTIMAR NUESTRA <u>RECONVENCIÓN PRELIMINAR</u> BASADA SU DECISIÓN SEGÚN SURGE DE RESOLUCIÓN INTERLOCUTORIA A NUESTRA RECONSIDERACIÓN, QUE EL TPI ADOPTÓ TODOS LOS "<u>ARGUMENTOS</u>" DE LA PARTE DEMANDANTE PARA ASÍ DESESTIMAR DICHA ALEGACIÓN, CUANDO LOS ARGUMENTOS SEGÚN LA DOCTRINA NO HACEN PRUEBA.
>
> SEGUNDO ERROR
>
> COMETIÓ GRAVE ERROR DE DERECHO, POR LO CUAL ABUSÓ DE SU DISCRECIÓN EL TPI AL REHUSARSE A HACER DETERMINACIONES DE HECHO QUE SOLICITÓ ESTA PARTE AL AMPARO DE LA REGLA 43.1 DE PROCEDIMIENTO CIVIL Y CUYOS HECHOS SURGEN DE LAS ASEVERACIONES DE LA CONTESTACIÓN <u>PRELIMINAR A DEMANDA, LAS CUALES</u> FUERON ADOPTADAS EN LA RECONVENCIÓN PRELIMINAR BAJO LA REGLA 8.3 DE PROCEDIMIENTO CIVIL, QUE ESTABLECÍAN QUE EXISTE UNA CAUSA DE ACCIÓN CONTRA LOS DEMANDANTES POR ABUSO DEL DERECHO Y EL EJERCICIO ANTISOCIAL DEL MISMO Y ADEMÁS QUE EN LA ALTERNATIVA PODÍA SER ENMENDADA SIN NECESIDAD DE DESESTIMAR LA RECONVENCIÓN PERENTORIAMENTE Y CON PERJUICIO.

---

[11] *Íd.*, págs. 35-37.

TERCER ERROR

COMETIÓ GRAVE ERROR DE DERECHO, POR LO CUAL ABUSÓ DE SU DISCRECIÓN EL ILUSTRADO FORO DE INSTANCIA AL DESESTIMAR LA DEMANDA BASADO EN [LA] SECCIÓN 4 DE LA LEY DE LIBELO Y CALUMNIA DE 1902, 32 LPRA § 3144, LA CUAL ES INCONSTITUCIONAL POR ESTAR EN CONFLICTO Y EN CONTRAVENCIÓN CON EL ART. II SECCIÓN 1 Y 8 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO. PRIMANDO LA CONSTITUCIÓN DE 1952, SOBRE LA LEY ADOPTADA DEL EXTRANJERO DEL PRINCIPIO DEL SIGLO XX, SEGÚN LO ESTABLECE EL ART. 2 DEL CÓDIGO CIVIL DE PUERTO RICO (2020).

CUARTO ERROR

COMETIÓ GRAVE ERROR DE DERECHO, POR LO CUAL ABUSÓ DE SU DISCRECIÓN EL ILUSTRADO FORO DE INSTANCIA, AL DESESTIMAR LA RECONVENCIÓN PRELIMINAR CUANDO ESTA PARTE DEMANDADA NECESITABA CON URGENCIA QUE LA PARTE DEMANDANTE LE CONTESTARA UN INTERROGATORIO QUE LE HABÍA CURSADO HACÍA 9 MESES ATRÁS, AL INICIO DEL CASO, EL CUAL LE ERA NECESARIO PARA PODER ESTAR EN CONDICIONES DE CONTESTAR LA DEMANDA Y PRESENTAR UNA RECONVENCIÓN EN PROPIEDAD, YA QUE LO QUE SE HABÍA PRESENTADO ERA UNA CONTESTACIÓN PRELIMINAR A DEMANDA Y RECONVENCIÓN PRELIMINAR Y ASÍ DEMOSTRAR QUE LA DEMANDANTE HABÍA ABUSADO DEL DERECHO, QUE HABÍA EJERCIDO DE MANERA ANTISOCIAL SU RECLAMO DE ACUERDO CON EL ART. 15 Y 18 DEL CÓDIGO CIVIL DE PUERTO RICO DE 2020, ESTÁ PROSCRITO.

El 25 de abril de 2025, la parte apelada compareció mediante *Posición de los Apelados en Cuanto a la Apelación.*

Con el beneficio de la comparecencia de las partes procedemos a resolver.

## II

### A. Moción de Desestimación

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del

emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) **dejar de exponer una reclamación que justifique la concesión de un remedio**, y 6) dejar de acumular una parte indispensable. *Costas Elena y otros v. Magic Sports y otros*, 213 DPR 523, 533 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al*, 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez et. al.*, 205 DPR 1043, 1065 (2020); *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

Al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions v. Mun. Yabucoa et al*, supra; *Casillas Carrasquillo v. ELA*, supra; *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, supra; *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra. Luego, debe determinar si, a base de los hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sports y otros*, supra, pág. 534. Si el Tribunal entiende que no se cumple con el estándar de plausibilidad, se debe desestimar la demanda, pues **no debe permitir que proceda una reclamación insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba**. *Íd*. Véase además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307.

Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions v. Mun. Yabucoa et al*, supra; *Casillas Carrasquillo v. ELA*, supra; *Cruz Pérez v. Roldán Rodríguez*, supra, págs. 267-268; *Rivera Sanfeliz, et al. v. Jta. Dir. FirstBank*, supra; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013*); López García v. López García*, 200 DPR 50, 69-70 (2018).

**B. *Declaración de hechos probados y conclusiones de derecho***

Como norma general, nuestro ordenamiento procesal civil requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. A esos efectos, la Regla 42.2 de Procedimiento Civil preceptúa que "[e]n todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". 32 LPRA Ap. V., R. 42.2. No obstante, la referida regla también dispone, que no será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho en las siguientes circunstancias:

(a) Al resolver mociones bajo las Reglas 10 o 36.1 y 36.2, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2;

(b) en casos de rebeldía;

(c) cuando las partes así lo estipulen, o

(d) cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estime.

A tenor con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que no procede una moción de determinaciones de hechos adicionales cuando un pleito ha sido desestimado al amparo de las Reglas 10.2 o 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R.

10.2 y 10.3. En detalle, el Alto Foro expuso en *Roldán v. Lutrón, S.M., Inc.,* 151 DPR 883, 891-892 (2000), lo siguiente:

> [H]a de presumirse que una sentencia de desestimación, bajo las Reglas 10.2 o 10.3, en la cual el juez no haga constar expresamente sus determinaciones de hechos, fue dictada conforme lo establece las normas de derecho vigentes en esta jurisdicción. Es decir, que el juez presumió como ciertos, y tomó en consideración, los hechos bien alegados en la demanda. Por tanto, las determinaciones de hechos a que tiene que haber llegado el proceso mental del juez se ilustran, y necesariamente están basados, en las alegaciones de la parte demandante.
>
> Resulta forzoso concluir, entonces, que **en los casos en que se dicta sentencia desestimatoria, bajo las disposiciones de las Reglas 10.2 y 10.3 de Procedimiento Civil, ninguna de las partes tiene a su alcance el mecanismo que provee la Regla 43.3 de las de Procedimiento Civil**. Ello así ya que en esta clase de situaciones, el juez de instancia no tiene discreción sobre si admite o no la veracidad de los hechos bien alegados en la demanda; el tribunal, repetimos, está obligado a aceptar dichos hechos como ciertos. Esos son los únicos hechos a ser tomados en consideración. No tiene cabida, entonces, ni razón de ser, una moción en solicitud de determinaciones de hechos. En fin, en esta clase de situación, al juez sentenciador sólo le corresponde aplicar el derecho a los hechos bien alegados y es sólo sobre esas conclusiones de derecho que cabría argumentación en contrario. Tal oposición se canaliza, como sabemos, mediante la radicación de una solicitud de reconsideración ante el tribunal sentenciador o mediante la radicación de la correspondiente solicitud de revisión ante un tribunal de superior jerarquía. (Énfasis suplido).

### C. *Difamación y Libelo*

Nuestro ordenamiento jurídico ha definido la difamación como "desacreditar a una persona publicando cosas contra su reputación". En Puerto Rico se reconoce la acción de daños y perjuicios por difamación. Esta incluye, tanto el libelo como la calumnia. Para que proceda una acción de libelo se requiere que exista un récord permanente de la expresión difamatoria. La calumnia, por su parte, se configura con la mera expresión oral difamatoria. *Pérez v. El Vocero de P.R.,* 149 DPR 427, 441 (1999); *Ojeda Ojeda v. El Vocero,* 137 DPR 315, 326 (1994). Según nuestro Máximo Foro, la doctrina de difamación consiste en dos vertientes,

cada una con sus respectivas exigencias constitucionales, conforme la clasificación del demandante como funcionario o figura pública o como persona privada. *Meléndez Vega v. El Vocero de PR,* 189 DPR 123, 147 (2013).

La protección contra expresiones difamatorias dimana de las Secciones 4 y 8 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico y de la Ley de Libelo y Calumnia, *supra. Meléndez Vega v. El Vocero de PR,* supra. La Sección 4 de la Constitución, dispone que "no se aprobará ley alguna que restrinja la libertad de palabra o de prensa". Const. PR, art. II § 4. La Sección 8, por su parte, establece que "toda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar". Const. PR, art. II § 8.

La Ley de Libelo y Calumnia, *supra,* estableció estatutariamente la acción de daños y perjuicios por libelo y calumnia. Su vigencia depende de que su aplicación no sea incompatible con las disposiciones constitucionales antes citadas, *Clavell v. El Vocero de P.R., Inc.,* 115 DPR 685 (1984), o con las interpretaciones judiciales que sobre la Primera Enmienda a la Constitución de los Estados Unidos tenga a bien hacer el Tribunal Supremo de los Estados Unidos. *Acevedo Santiago v. Western Digital Caribe, Inc.,* 140 DPR 452 (1996); *Villanueva v. Hernández Class,* 128 DPR 618 (1991).

En el caso *Ojeda v. El Vocero,* supra, nuestro Más Alto Foro señaló que, como la Ley de Libelo y Calumnia, *supra,* ha perdido gran parte de su importancia después de la aprobación de la Constitución del Estado Libre Asociado, los casos relacionados con este tema se deben resolver, como norma general, bajo la normativa de los daños y perjuicios extracontractuales. *Ojeda Ojeda v. El Vocero,* supra. Al palio de nuestra doctrina vigente, es a nuestro derecho al que se debe acudir para sopesar los intereses

involucrados en un caso por difamación, toda vez que Puerto Rico tiene facultad para establecer sus normas de responsabilidad en casos de difamación siempre que no se imponga una responsabilidad absoluta, ni se reduzca el contenido de la Primera Enmienda de la Constitución federal. Por ende, en estos casos, la jurisprudencia norteamericana sólo tiene valor persuasivo.

Posteriormente, en *Pérez v. El Vocero de P.R.*, supra, nuestro Tribunal Supremo expresó que la fuente primaria de la protección contra injurias es la Constitución y que la Ley de Libelo y Calumnia, *supra,* sobrevive tan sólo en cuanto es compatible con aquella. Así pues, se refirió a nuestro código de derecho privado para explicar que cuando la parte demandante es una figura privada, el grado de culpa requerido para que la persona demandada sea responsable por difamación es la negligencia.

La norma reiterada en nuestro ordenamiento jurídico es que para resolver estos casos corresponde recurrir al derecho privado recogido en nuestro Código Civil y a nuestra tradición civilista. Véase: *Jiménez v. Pelegrina Espinet,* 112 DPR 700 (1982); *Estremera v. Inmobiliaria Rac.,* 109 DPR 852 (1980); *Valle v. American Inter. Ins. Co.,* 108 DPR 692 (1979); *Sociedad de Gananciales v. Jerónimo Corp.,* 103 DPR 127 (1974).

Se entiende por libelo la difamación que públicamente se hace en contra de una persona, por escrito, impreso, signo, retrato, figura, efigie u otro medio mecánico de publicación tendente a exponer a dicha persona al odio del pueblo o a su desprecio o a privarle del beneficio de la confianza pública y trato social, o a perjudicarle en sus negocios; o de otro modo desacreditarle, menospreciarle o deshonrarle. 32 LPRA § 3142.

Por otro lado, en las acciones por difamación se ha dispuesto la doctrina de *of and concerning the plaintiff.* Esta doctrina requiere que, en las acciones por difamación, el demandante pruebe que las

expresiones difamatorias se refieren a su persona de modo particular. *Soc. de Gananciales v. El Vocero de PR,* 135 DPR 122, 128–129 (1994). Tal requisito limita el derecho a demandar por falsedad injuriosa, puesto que concede tal derecho a aquellos que son objeto directo de críticas, y lo niegan a aquellos que meramente se quejan por manifestaciones no específicas que creen que los perjudican. *Soc. de Gananciales v. El Vocero de PR,* supra, pág. 129 citando a *Blatty v. New York Times Co.,* 728 P.2d 1177 (Cal. 1986). La referida doctrina impide las reclamaciones por difamación vicaria y las reclamaciones por difamaciones instadas contra grupos de personas cuando el demandante no pueda probar haber sido señalado de forma individual, o sea, que se hizo una referencia específica contra su persona de forma particular y singularizada. *Íd.*; *Meléndez Vega v. El Vocero de PR,* supra, pág. 166.

Nuestra última instancia judicial ha dispuesto que, según la doctrina de *of and concerning the paintiff,* para prevalecer en una acción por difamación, el demandante, además de probar que cierta información publicada era de contenido difamatorio, también debe hacer la identificación de sí mismo como la persona difamada. *Soc. de Gananciales v. El Vocero de PR,* supra. Esta doctrina requiere que la identidad del demandante surja diáfanamente de la publicación en cuestión. *Íd.* Asimismo, el Tribunal Supremo de Estados Unidos ha reconocido que esta doctrina, respecto a que la publicación sea sobre el demandante y relativa a este, goza de una dimensión constitucional. *Íd.*

El derecho en el ámbito de la difamación procura lograr un balance entre el derecho de estar protegido contra ataques a la reputación y el derecho a la libre expresión. *Sociedad de Gananciales v. López,* 116 DPR 112 (1985). En un caso de libelo, el demandante debe demostrar que la información publicada es falsa y que por causa de su publicación sufrió daños reales. En el caso de

una persona privada, debe probar, que la imputación fue hecha negligentemente, pero en casos en que estén envueltos funcionarios o figuras públicas, debe demostrar que la información fue publicada con malicia real o a sabiendas de que era falsa o con grave menosprecio de si era falsa o no. *Pérez v. El Vocero de P.R.*, supra, pág. 442; *Villanueva v. Hernández Class*, supra, pág. 642; *Torres Silva v. El Mundo*, 106 DPR 415, 421 (1977).

Bajo la doctrina de difamación, en miras de llegar a un balance justo entre derechos constitucionales, se han establecido ciertas exigencias que crean mayores protecciones hacia la libertad de expresión en contraposición al derecho de intimidad. *Meléndez Vega v. El Vocero de PR*, supra, págs. 156-157. Entre estas se encuentra el privilegio limitado reconocido por algunos tribunales a favor de aquellos que realizan la expresión en el contexto de un procedimiento judicial. *Meléndez Vega v. El Vocero de PR*, supra, pág. 157. Existe una inmunidad durante los procedimientos judiciales, esto con el fin de proteger el interés público en la administración de la justicia. *Íd.* En nuestra jurisdicción, tal privilegio se encuentra recogido en la Sección 4 de la Ley de Libelo y Calumnia, la cual dispone que "[n]o se tendrá por maliciosa, ni como tal se considerará la publicación que se hace en un procedimiento legislativo, judicial, u otro procedimiento cualquiera autorizado por la ley". 32 LPRA § 3144.

El referido privilegio aplica a toda comunicación necesaria, habitual o útil en la preparación de un caso. *Meléndez Vega v. El Vocero de PR*, supra. El Tribunal Supremo ha resuelto que una demanda y las manifestaciones que en ella se incluyan constituyen una publicación en el contexto de un procedimiento judicial, por lo que no se tendrán por maliciosas, siempre y cuando guarden algún tipo de relación con el asunto en controversia. *Meléndez Vega v. El*

*Vocero de PR*, supra; *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 99-100 (1992).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En su **primer señalamiento de error**, la parte apelante sostiene que, el foro primario abusó de su discreción al desestimar la reconvención a base de los argumentos esbozados por la parte apelada en su solicitud de desestimación. Indica que, según "la doctrina", los argumentos no hacen la prueba.

Ahora bien, el recurso apelativo ante nuestra consideración no hace mención adicional sobre dicho asunto. Más aún, la parte apelante ni siquiera explica a qué doctrina se refiere. Es decir que, la parte apelante omitió incluir una discusión adecuada y fundamentada sobre el asunto.

Según es sabido, el perfeccionamiento de los recursos instados ante este foro exige que se satisfagan ciertos requisitos de manera rigurosa. Véase, *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). Entre estos, se exige que los recursos incluyan una discusión de los errores señalados, junto a las disposiciones de ley y la jurisprudencia aplicable. Regla 16(C)(1)(f) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Toda vez que el recurso apelativo ante nos no incluye una discusión adecuada en cuanto al primer señalamiento de error, no estamos en posición de justipreciar el mismo.

En su **segundo señalamiento de error**, la parte apelante aduce que, el Tribunal de Primera Instancia abusó de su discreción por rehusarse a realizar determinaciones de hecho tras la solicitud presentada. Detalla que, aunque el ordenamiento jurídico reconoce que no es necesario especificar los hechos probados al resolver una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, el Tribunal

viene obligado a consignarlas cuando se presenta una moción al amparo de la Regla 43.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.3. No le asiste la razón.

En primer orden, resulta meritorio señalar que, la moción presentada por la parte apelante luego de la Resolución dispositiva emitida por el foro primario, **no** fue realizada al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, como alega la parte apelante. El propio título de la moción en cuestión lee expresamente *Moción al Amparo de las* **Reglas 42.2** *y* **47** *de Procedimiento Civil* (énfasis nuestro). Asimismo, como parte de su súplica, la parte apelante se expresó como sigue: "[...] se solicita de este Ilustrado Foro que haga las determinaciones de hecho solicitadas, al amparo de la **Regla 42.2** de Procedimiento Civil..." (énfasis nuestro).[12] Además, aun cuando reconocemos que el nombre no hace la cosa, una evaluación detenida de la referida moción tampoco sugiere que esta haya sido presentada de conformidad a las disposiciones de la Regla 43.3 de Procedimiento Civil, *supra*.

En segundo lugar, incluso cuando la moción hubiese sido fundamentada con las disposiciones del mencionado estatuto, lo cual negamos, esta resultaría improcedente en derecho.

Contrario al argumento de la parte apelante, una determinación dispositiva al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, **no admite la presentación posterior de una moción de determinaciones de hecho adicionales**. El Alto Foro ha resuelto de manera puntual dicho asunto, dejando claro que, la referida determinación no está sujeta a la presentación de una moción posterior al amparo de la Regla 43.1 de Procedimiento Civil, *supra*.[13]

---

[12] *Íd.*, pág. 30.
[13] *Roldán v. Lutrón, S.M., Inc.,* supra.

A tenor con lo anterior, razonamos que el segundo error señalado no fue cometido.

En su **tercer señalamiento de error**, la parte apelada sostiene que, el foro *a quo* incidió al desestimar la *Reconvención Preliminar* basado en la Sección 4 de la Ley de Libelo y Calumnia, *supra*. Alega que, el estatuto resulta inconstitucional.

De entrada, advertimos que, la apelación o revisión de la sentencia o decisión apelada se da contra el resultado y no contra sus fundamentos. *Pueblo v. Pérez*, 159 DPR 554, 566 (2003). Por otro lado, señalamos que, del expediente apelativo se desprende que, la cuestión constitucional argumentada por la parte apelante no fue incluida en ninguna de las mociones presentadas ante el foro primario. Sino que, es por primera vez, en la etapa apelativa, que la parte apelante presenta dicho planteamiento. De modo que, el tribunal primario no tuvo el beneficio de examinar dicho argumento al momento de emitir su dictamen.

Sabido es que las partes del caso están impedidas de esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012). Ante ello, concluimos que, tampoco estamos en posición de atender el tercer señalamiento de error.

Por último, en su **cuarto señalamiento de error**, la parte apelante aduce que, el tribunal primario erró al desestimar la *Reconvención Preliminar*. Aduce que, la contestación al interrogatorio cursado a la parte apelada resultaba necesaria para contestar la demanda y presentar la *Reconvención Preliminar* apropiadamente, y demostrar que la parte apelada había abusado del derecho.

Según hemos expuesto, el ordenamiento jurídico dispone que, para que una demanda pueda prosperar, la parte demandante debe cumplir con el criterio de plausibilidad. Si el tribunal entiende que

no se cumple con dicho criterio, la reclamación debe ser desestimada. Esto es, no debe permitirse que una demanda insuficiente proceda bajo el pretexto de que las alegaciones conclusorias se podrán probar con el descubrimiento de prueba.[14]

Evaluadas minuciosamente las alegaciones de la *Reconvención Preliminar*, al amparo de lo anterior, razonamos que, esta no cumple con el requisito de plausibilidad. Las alegaciones de la reconvención hacen referencia de manera general a las alegaciones de la demanda, mas no especifican cuáles son las que alegadamente constituyen un acto difamatorio.

Cabe señalar que, la parte apelante esgrime que, el foro primario omitió tomar en consideración las alegaciones de la contestación a la demanda y los exhibits presentados junto a esta. Ahora bien, evaluada la *Contestación Preliminar de la Demanda*, así como los exhibits presentados, tampoco encontramos que la parte apelante haya cumplido con el requisito de plausibilidad ya discutido.

De otro lado, colegimos que el argumento de la parte apelante, –en cuanto no pudo presentar una reconvención adecuada como consecuencia de que la parte apelada nunca contestó el interrogatorio–, resulta poco razonable. A juicio de esta Curia, si la reconvención respondía a alegaciones realizadas en la demanda, la evidencia para sostener la referida reclamación debía surgir de la propia demanda. No debemos perder de vista que, el descubrimiento de prueba no puede utilizarse como una expedición de pesca. La parte apelante no puede pretender recostarse del descubrimiento de prueba para presentar una reconvención adecuada.

Por último, resulta meritorio puntualizar lo siguiente. Según reseñado, la parte apelante asevera que, las alegaciones **contenidas**

---

[14] *Costas Elena y otros v. Magic Sports y otros,* supra, pág. 534; R. Hernández Colón, *op. cit.*

**en la demanda** constituyen un ataque a la memoria y a la honra del señor Fagot Bigas, por lo que resultan difamatorias.

Ahora bien, de conformidad al derecho expuesto, aplicable a la controversia de autos, las expresiones realizadas dentro de los diversos procedimientos judiciales, y que están directamente relacionadas a la controversia del pleito, se entienden **privilegiadas**. De modo que, **no** pueden ser utilizadas como fundamento para la presentación de una causa de acción por difamación y libelo. 32 LPRA § 3144.

Con todo, y al amparo de la norma jurídica atinente a la Regla 10.2 (5) de Procedimiento Civil, *supra*, razonamos que, la parte apelante no proveyó bases fácticas en las cuales pudiera descansar su reclamación. Por esta razón, aún aceptando como ciertas y bien formuladas todas las alegaciones de la parte apelante, esta no estableció que es merecedora de un remedio. Así pues, razonamos que, no erró el Tribunal de Primera Instancia al desestimar la *Reconvención Preliminar*. Consecuentemente, concluimos que, el cuarto señalamiento de error tampoco fue cometido.

### IV

Por los fundamentos antes expuestos, se confirma el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones